**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GARY CARL SIMMONS**                                     **PETITIONER**

**VS.**                                                     **CIVIL ACTION NO. 1:04CV496HSO**

**CHRISTOPHER EPPS, Commissioner,
Mississippi Department of Corrections;
LAWRENCE KELLY, Superintendent,
Mississippi State Penitentiary and JIM
HOOD, Attorney General of the State of
Mississippi**                                           **RESPONDENTS**

## CERTIFICATE OF APPEALABILITY

A notice of appeal having been filed in the captioned habeas corpus case, in which the detention complained of arises out of process issued by a state court pursuant to 28 U.S.C. § 2254 or the detention arises out of a judgment and conviction in federal court which is being challenged pursuant to 28 U.S.C. § 2255, the Court, considering the record in the case and the requirements of 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, hereby finds that:

<u>Part A</u>

 X   A certificate of appealability should issue on the first ground raised by Petitioner, but not on the remaining grounds. (See reasons below.)

 __ A certificate of appealability should not issue. (See reasons below.)

<u>Part B</u>
(for non-CJA pauper cases only)

(Petitioner was granted leave to proceed *in forma pauperis* in the District Court and was appointed counsel under the CJA.)

REASONS:

To show his entitlement to a COA, Simmons is not required to show that he should prevail on the merits of his claim, but must only make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To make that showing, Simmons must show "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). The test has also been characterized as whether reasonable jurists would find that the denial of habeas was "debatable or wrong." *Brewer v. Quarterman*, 475 F.3d 253, 256 (5th Cir. 2006). A claim can be debatable "even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the petitioner will not prevail." *Miller-El*, 537 U.S. at 336. A COA should issue if the claims are not "squarely foreclosed by statute, rule, or authoritative court decision, or . . . lacking any factual basis in the record . . . ." *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983).

Because this is a capital case, any doubt as to whether a COA should issue should be resolved in Simmons's favor. *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005).

Simmons requests the issuance of a COA on three grounds:

(1) Whether the trial court erroneously allowed the prosecution to submit to the jury an aggravating circumstance without sufficient evidentiary support in violation of Petitioner's Sixth, Eighth and Fourteenth Amendment rights as set forth in the United States Constitution.

(2) Whether Petitioner was denied effective assistance of counsel in violation of his Sixth Amendment rights as provided for in the United States Constitution in that he was deprived of the effective assistance of counsel at the penalty stage of the trial, in particular, that representation during the mitigation case clearly fell beneath then-prevailing norms of practice.

(3) Whether the trial court made multiple errors during the sentencing phase of the trial by precluding the admission of relevant mitigating evidence in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Although the Court has found that these claims are foreclosed by the applicable legal authorities, the Court also recognizes that jurists of reason might disagree, or that there might be room for debate among jurists, with regard to the first ground raised by Petitioner. Accordingly, a COA should issue on the question of whether an aggravating circumstance was submitted to the jury in violation of Petitioner's constitutional rights, but a COA should not issue on the remaining two grounds.

**SO ORDERED AND ADJUDGED**, this the 17th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE